ROBERT GIBSON, PETITIONER-RESPONDENT, v. TODD
SHIPYARD CORPORATION, RESPONDENT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued January 27, 1958—Decided January 30, 1958.

Before Judges Goldmann, Freund and Conford.

Mr. *James J. Skeffington* argued the cause for appellant (*Messrs. Skeffington, Haskins & Skeffington*, attorneys).

Mr. *Mortimer Wald* argued the cause for respondent (*Mr. Noah Lichtenberg*, attorney; *Mr. Wald*, on the brief).

Goldmann, S. J. A. D. The judgment of the County Court is affirmed for the reasons stated by Judge Drewen in his opinion reported in 45 *N. J. Super.* 283 (1957).
 Appellant asks us to make a factual finding contrary to that of the County Court, claiming that we may do so because the medical testimony was fairly in equipoise. This disregards the scope of our appellate function. It has repeatedly been said that we accord determinative weight in the first instance to the findings of the County Court, and not those of the deputy director whom it reversed. We look to see if there is substantial proof to support the findings and conclusions of the County Court, and we will not disturb them unless we are well satisfied that they are mistaken, either in fact or in law. The factual findings of the County Court in this case are adequately supported.

We need only add our views on one point, strongly projected by appellant in its brief and at oral argument, that the occupational disease section of the Workmen's Compensation Act, *N. J. S. A.* 34:15–31, was not intended by the Legislature to include herniae. The argument is that petitioner-respondent may recover only under *R. S.* 34:15–12(*x*), as amended by *L.* 1950, *c.* 175, § 1, *p.* 408, now *N. J. S. A.* 34:15–12(*c*)(23). The Workmen's Compensation Act, as

it related to compensation for hernia, read as follows before the 1950 amendment:

"Inguinal hernia is a disease which ordinarily develops gradually, being very rarely the result of an accident. Where there is a real traumatic hernia resulting from the application of force directly to the abdominal wall, either puncturing or tearing the wall, compensation will be allowed. All other cases will be considered as either congenital or of slow development and not compensable, being a disease rather than an accidental injury; unless preponderant proof is offered that the hernia was immediately caused by such sudden effort or severe strain that [here follows the so-called 'five-point' requirement of the former statute] * * *."

Appellant claims that although a long series of traumata, causing repeated pressures to the abdominal wall, eventually brought on petitioner's condition, nonetheless he suffered a "traumatic hernia"—nothing else—within the intendment of the statute and is not entitled to compensation.

Former section (x) now reads that

"Where there is a traumatic hernia compensation will be allowed if notice thereof is given by the claimant to the employer within 48 hours after the occurrence of the hernia but any Sunday, Saturday or holiday shall be excluded from this 48-hour period." (N. J. S. A. 34:15–12(c)(23))

This section significantly continues to appear in its original setting of R. S. 34:15–12 dealing with a schedule of payments for disabilities, partial in character and permanent in quality, resulting from *accidents* arising out of and in the course of the employment.

The 1950 amendment to the hernia section, L. 1950, c. 175, eliminated the well-known five-point restriction against compensability, so often defeative of compensation but which undoubtedly must have led some employees to so fashion their proofs as to bring them within the framework of the restrictive language. The five-point requirement had slowly been whittled away over the years, until a point had been reached where the Legislature eliminated it entirely. The 1950 amendment also eliminated the language in subsection

(x) which might have been considered as reflecting a legislative policy toward herniae as being generally non-occupational.

R. S. 34:15–12(x), as amended, now treats herniae as any other injury, the sole requirement being that where the hernia is accidental in origin, notice must be given within 48 hours. In so amending the act the Legislature undoubtedly had in mind a situation where an employee who has suffered a herniation in a work-connected accident is almost immediately made conscious of his physical condition, as contrasted with the situation where the hernia is of slow development, as was the ventral hernia here.

■ We are of the opinion that petitioner's condition clearly comes within the frame of the compensable occupational disease section of the Workmen's Compensation Act, *N. J. S. A.* 34:15–31, amended to read as it now does by *L.* 1949, *c.* 29, § 2. To the three cases of *Stepnowski v. Specific Pharmaceuticals, Inc.,* 18 *N. J. Super.* 495 (*App. Div.* 1952); *Bondar v. Simmons Co.,* 23 *N. J. Super.* 109 (*App. Div.* 1952), affirmed 12 *N. J.* 361 (1953); and *Giambattista v. Thomas A. Edison, Inc.,* 32 *N. J. Super.* 103 (*App. Div.* 1954), cited by Judge Drewen (45 *N. J. Super.,* at *pages* 291–292), we add our recent decision in *Abelit v. General Motors Corp.,* 46 *N. J. Super.* 475 (*App. Div.* 1957). And see *Duncan v. T. I. McCormack Trucking Co., Inc.,* 43 *N. J. Super.* 352 (*App. Div.* 1956), and *Walsh v. Kotler,* 46 *N. J. Super.* 206 (*App. Div.* 1957), which deal with Dupuytrens Contracture.

Affirmed.